IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVONAIRE JONES, | : | |
| | : | C.A. No: K15M-11-010 RBY |
| Petitioner, | : | In and for Kent County |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondent. | : | |

*Submitted: June 16, 2016*
*Decided: July 8, 2016*

*Upon Consideration of Respondents'*
*Motion to Dismiss*
GRANTED

**ORDER**

Devonaire Jones, *Pro se.*

Joseph C. Handlon, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Respondents.

Young, J.

## SUMMARY

Devonaire Jones ("Petitioner)" filed for a Writ of Mandamus against certain Department of Corrections personnel ("Respondents").[1] Respondents filed a Motion to Dismiss Petitioner's Complaint, alleging procedural flaws and substantive failings. Because this Court lacks authority to order the requested relief, and, therefore, Petitioner fails to state a claim upon which relief may be granted, Respondents' Motion to Dismiss is **GRANTED**.

## FACTS AND PROCEDURE

On November 18, 2015, Petitioner, currently incarcerated at the James T. Vaughn Correctional Center ("JTVCC"), filed for a Writ of Mandamus against Respondents. Petitioner also filed a motion to proceed *in forma pauperis*, which this Court granted. Respondents moved to dismiss the Complaint on April 21, 2016.

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. The Court accepts all well-pled allegations as true.[2] Well-pled means that the complaint puts a party on notice of the claim being brought.[3] If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[4] Dismissal is

---

[1] The named Defendants are David Pierce, Phil Parker, Karl Hazzard, and Bruce Burton.

[2] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009).

[3] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Apr. 24, 2001).

[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[5]

## DISCUSSION

Respondents argue that Petitioner's mandamus action should be dismissed because each was not personally served and the Attorney General's office was not served with the petition in compliance with Superior Court Civil Rule 4 and 10 *Del. C.* § 3103. Because of these procedural defects, Respondents argue that service has not been perfected and, therefore, the Court does not have personal jurisdiction over these Respondents.

Respondents also maintain that Petitioner has failed to state a claim for a writ of mandamus. They argue that the strict standards for the extraordinary remedy of mandamus have not been met in Petitioner's case. Moreover, they assert that inmate housing decisions are highly discretionary, therefore, negating any possible legal entitlement or right Petitioner could have to the housing transfer he requests.

Petitioner has not responded to Respondents' procedural and substantive arguments in the motion. Instead, Petitioner submitted a letter to the Court expressing continued concerns for his safety, due in part to alleged retaliatory conduct by correctional officers.

Here, a recently issued Delaware Supreme Court decision clearly states that the Superior Court lacks authority to order an inmate transferred from one housing unit

---

[5] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. May 19, 2009).

to another in a criminal proceeding.[6] Petitioner's sole request is that he be transferred to another housing unit in another facility. As a result, there is no set of circumstances under which Petitioner's requested relief could be granted by this Court.

**CONCLUSION**

For the foregoing reasons, the Respondents' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
Judge

RBY/lmc
*Via File & ServeXpress*
oc:   Prothonotary
cc:   Counsel
       Devonaire Jones (via U.S. Mail)
       Opinion Distribution

---

[6] *State v. McCoy*, _ A.3d _, 2016 WL 3564242, at *6 (Del. 2016).